## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

**CHRISTIAN GARCIA-ALVAREZ, on behalf of himself and those similarly situated,**

        **Plaintiff,**

vs.

**FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC,  a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (KING OF PRUSSIA) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (PHILADELPHIA) LLC, a foreign limited liability company, and**
**FOGO DE CHAO CHURRASCARIA (PHOENIX) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (CA HOLDINGS) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (CALIFORNIA) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (EL SEGUNDO) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (IRVINE) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (LOS ANGELES) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (SAN DIEGO) LLC, a foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA (SAN FRANCISCO) LLC, a foreign limited liability company,**

**CASE NO.:** 2:20-CV- 1345

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

**FOGO DE CHAO CHURRASCARIA
(SAN JOSE) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(DENVER) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(PARK MEADOW) LLC, a foreign
limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(WASHINGTON, D.C.) LLC, a foreign
limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(JACKSONVILLE) LLC, a foreign
limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(MIAMI) LLC, a foreign limited liability
company,**
**FOGO DE CHAO CHURRASCARIA
(ORLANDO) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(SUNRISE FLORIDA) LLC, a foreign
limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(ATLANTA) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(DUNWOODY ATLANTA) LLC, a
foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(NAPERVILLE) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(CHICAGO) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA
(OAK BROOK ILLINOIS) LLC, a
foreign limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(OLD ORCHARD) LLC, a foreign
limited liability company,**
**FOGO DE CHAO CHURRASCARIA
(ROSEMONT) LLC, a foreign limited
liability company,**
**FOGO DE CHAO CHURRASCARIA**

**(INDIANAPOLIC) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(NEW ORLEANS) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(BALTIMORE) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(BETHESDA) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(BOSTON) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(BURLINGTON) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(TROY) LLC, a foreign limited liability
company,
FOGO DE CHAO CHURRASCARIA
(MINNEAPOLIS) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(KANSAS CITY) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(ST. LOUIS) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(LAS VEGAS) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(SUMMERLIN) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(LONG ISLAND) LLC, a foreign limited
liability company,
FOGO DE CHAO 53RD STREET,
NEW YORK LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(WHITE PLAINS) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(PORTLAND) LLC, a foreign limited**

**liability company,
FOGO DE CHAO CHURRASCARIA
(AUSTIN) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(LEGACY PLANO) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(DALLAS) LLP, a foreign limited
liability partnership,
FOGO DE CHAO CHURRASCARIA
(DALLAS) LLC, a foreign limited
liability company,
FOGO DE CHAO (HOLDINGS) INC., a
foreign profit corporation,
FOGO DE CHAO CHURRASCARIA
(HOLDINGS) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(HOUSTON) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(SAN ANTONIO) LLC, a foreign
limited liability company,
FOGO DE CHAO CHURRASCARIA
(TEXAS GP) LLC, a foreign limited
liability company,
FOGO DE CHAO CHURRASCARIA
(TYSONS) LLC, a foreign limited
liability company, and
FOGO DE CHAO CHURRASCARIA
(BELLEVUE) INC., a foreign profit
corporation,**

        **Defendants.**       /

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff, CHRISTIAN GARCIA-ALVAREZ ("Plaintiff"), on behalf of himself and those similarly situated, sues the Defendants, FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC, a foreign limited liability company, FOGO DE CHAO

CHURRASCARIA (KING OF PRUSSIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PHILADELPHIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PHOENIX) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CA HOLDINGS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CALIFORNIA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (EL SEGUNDO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (IRVINE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LOS ANGELES) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN DIEGO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN FRANCISCO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN JOSE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DENVER) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PARK MEADOW) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (WASHINGTON, D.C.) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (MIAMI) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SUNRISE FLORIDA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ATLANTA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DUNWOODY ATLANTA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (NAPERVILLE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (CHICAGO) LLC, a foreign

limited liability company, FOGO DE CHAO CHURRASCARIA (OAK BROOK ILLINOIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (OLD ORCHARD) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ROSEMONT) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (INDIANAPOLIC) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (NEW ORLEANS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BALTIMORE) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BETHESDA) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BOSTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (BURLINGTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TROY) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (MINNEAPOLIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (KANSAS CITY) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (ST. LOUIS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LAS VEGAS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SUMMERLIN) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LONG ISLAND) LLC, a foreign limited liability company, FOGO DE CHAO 53RD STREET, NEW YORK LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (WHITE PLAINS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (PORTLAND) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (AUSTIN) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (LEGACY PLANO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (DALLAS) LLP, a

foreign limited liability partnership, FOGO DE CHAO CHURRASCARIA (DALLAS) LLC, a foreign limited liability company, FOGO DE CHAO (HOLDINGS) INC., a foreign profit corporation, FOGO DE CHAO CHURRASCARIA (HOLDINGS) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (HOUSTON) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (SAN ANTONIO) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TEXAS GP) LLC, a foreign limited liability company, FOGO DE CHAO CHURRASCARIA (TYSONS) LLC, a foreign limited liability company, and FOGO DE CHAO CHURRASCARIA (BELLEVUE) INC., a foreign profit corporation,  (hereinafter "Defendants"), for failing to pay minimum wages to all servers/bartenders/carvers ("the FLSA Collective"), pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§ 206 and to recover minimum wages and other damages under the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. §333.104.  These employees are similarly situated under the FLSA at 29 U.S.C. § 216(b).

2.      The FLSA Collective is made up of all servers/bartenders/carvers who work or have worked for Defendants at any time within three years prior to this action's filing date (the "Collective Period").

3.      During the Collective Period, Defendants failed to pay the federal minimum wage to Plaintiff and each member of the FLSA Collective as required by federal law.  The Plaintiff seeks relief for the FLSA Collective under the FLSA and PMWA, to remedy Defendants' failure to pay appropriate compensation.

## Nature of Case

4.      Defendants collectively own(ed) and operate(d) approximately fifty (50) "Fogo De Chao" steakhouse restaurants throughout the United States.

5.      As part of their enterprise, Defendants hire(d) servers, bartenders, and carvers (A/K/A churrasqueiros) to serve customers.

6.      Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants regarding their servers and bartenders and carvers.

7.      Defendants violated the FLSA and PMWA by failing to pay members of the FLSA Collective who are or were employed at any of their restaurant locations at any-time within the past three (3) years at least the full minimum wage for all hours worked pursuant to the FLSA and PMWA.

**Parties**

8.      Plaintiff and the members of the FLSA Collective are or were hourly-paid servers and bartenders and carvers who worked for Defendants within the last three (3) years under the FLSA and PMWA.

9.      Plaintiff, who currently resides in Florida, worked for Defendants as both a carver and server from approximately November of 2016 through April of 2018 at their Dunwoody, Georgia, location; from approximately April of 2018 through April of 2019 at their Pittsburgh, Pennsylvania, location; and from approximately April of 2019 through February of 2020 at their Jacksonville, Florida, location.

10.     The proposed FLSA Collective members work(ed) for Defendants at their restaurants throughout the United States as servers and bartenders and carvers during the Collective Period.

11.     As to the FLSA claims, Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. §216(b).  Plaintiff and the similarly situated

individuals work(ed) as servers and bartenders and carvers for Defendants.  The proposed FLSA

Collective seeks to certify a class action under the FLSA and PMWA and is defined as follows

> **All servers, bartenders, and carvers (churrasqueiros) who worked for Defendants nationwide during the last three (3) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendant's illegal tip pooling practices.**

12.     During the Collective Period, Plaintiff worked for Defendant FOGO DE CHAO

CHURRASCARIA (PITTSBURGH) LLC in Pittsburgh, Allegheny County, Pennsylvania, and

his claims are therefore within the jurisdiction of this Court.  Each of Defendants' principal

businesses where the issues which are the subject matter complained of arose and took place are

located in the United States and are also, as explained more fully below (*see infra* "Jurisdiction

and Venue"), within the jurisdiction of this Court.

13.     Based on information and belief, Defendants opened each Fogo De Chao location

under a differently named corporate/business entity.

14.     Even though different locations were operated through different entities, each Fogo

De Chao location was operated the same way, and each utilized the same pay practices and

procedures.

15.     Each Fogo De Chao location shares and has interrelated operations.

16.     Defendants use the same payroll company/department for all locations.

17.     Defendants use the same insurance company for all locations.

18.     Each Fogo De Chao location shares common officers and managers, regional

managers, management companies, corporate trainers, and other managers.

19.     Each Fogo De Chao location shares a common centralized control of labor relations

located in the Fogo De Chao Corporate offices in Plano, Texas.

20.     Corporate policies are formulated from the corporate office.

21.     Additionally, the employee handbook was the same for each Fogo De Chao location.

22.     Pay policies regarding minimum wage are the same for all locations within each state in which Defendants operate one of their restaurants.

23.     Regional managers manage multiple locations regardless of how the entity is incorporated or otherwise organized.

24.     Job descriptions are uniform for all Fogo De Chao locations.

25.     Based on information and belief, significant policies, memoranda, and management directives for any or each of the Fogo De Chao locations originated out of the Fogo De Chao corporate headquarters in Plano, Texas.

26.     Based on information and belief, the same person or persons have financial ownership and control over each Fogo De Chao location.

27.     Even though each Fogo De Chao location was registered under a different corporate or other business entity, the Fogo De Chao locations were actually operated as one integrated enterprise and/or are joint employers of Plaintiff and the members of the FLSA Collective.

### Jurisdiction & Venue

28.     This action is brought under federal law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every server and carver who worked for Defendants at any Fogo de Chao location at any time within the past three (3) years under the FLSA.

29.     This Court has jurisdiction over this action under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction"), under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff and the members of the FLSA Collective plead a claim under the FLSA, and under 28 U.S.C. § 1332(a)(1),

because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and the Parties are residents of different states.  Plaintiff signed a consent form to join this lawsuit, which is attached hereto as Exhibit A.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.  The Court also has supplemental jurisdiction over the PMWA claims pursuant to 28 U.S.C. §1367.

30.     Venue is appropriate in this Court because Defendant FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC operates in this District, and because Plaintiff worked for Defendant FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC in Pittsburgh, Allegheny County, Pennsylvania, during the Collective Period.

31.     Plaintiff, on behalf of himself and those similarly situated (the FLSA Collective), alleges that the aggregate damages for the entire class exceed $75,000.00, exclusive of attorneys' fees and costs.

### General Factual Allegations

32.     Plaintiff and the FLSA Collective members work(ed) as servers and carvers for Defendants at their Fogo de Chao locations throughout the United States.

33.     Plaintiff and those similarly situated are or were paid pursuant to a "tip credit" method where they are or were paid minimum wage minus the tip credit.

34.     At all material times, Defendants utilized a tip credit deduction.

35.     At all material times, Defendants were enterprises subject to the FLSA and PMWA.

36.     At all material times, Defendants were enterprises engaged in commerce or in the production of goods for commerce, in that said enterprises have had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

37.     Defendants' employees run or ran credit card transactions which transacted business in interstate commerce on a daily basis.

38.     Defendants' employees handle(d) such goods as napkins, silverware, appliances, food items, and restaurant equipment, which had travelled in interstate commerce on a daily basis.

39.     At all material times, Defendants had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated) per year.

40.     Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of their use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

41.     Defendants are and have been in the business of providing food and drinks to the general public.

42.     Specifically, Defendants operate(d) approximately fifty (50) Fogo de Chao steakhouse restaurants throughout the United States.

43.     Defendants each jointly employ(ed) Plaintiff and the members of the FLSA Collective and have employed hundreds of servers and carvers at their Fogo de Chao locations in the last three (3) years.

44.     Defendants employ(ed) Plaintiff and members of the FLSA Collective as an integrated enterprise and/or joint employers.

45.     Plaintiff and the members of the FLSA Collective work(ed) without being paid at least the full minimum wage for all hours worked.

46.     Defendants control(led) and/or were responsible for the work of Plaintiff and members of the FLSA Collective.

47.     Plaintiff and all similarly situated employees do or did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendants.

48.     Defendants utilize(d) the tip credit and pay or paid Plaintiff and all similarly situated employees less than the applicable tipped minimum wage.

49.     Defendants pay or paid Plaintiff and the members of the FLSA Collective the applicable minimum wage rate minus a tip credit deduction.

50.     However, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

51.     Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

52.     Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid, and the employer is not permitted to take a tip credit.

53.     Notwithstanding these requirements, Defendants require(d) their servers, bartenders, and carvers to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

54.     Specifically, Defendants include(d) dedicated kitchen workers in their tip pool.

55.     Defendants utilize(d) carvers who would normally serve customers but work(ed) in the kitchen during all or most of their shifts to prepare and cook meats without serving

customers.

56.     Instead of serving customers, these carvers season meats, place them on skewers and load them into rotisserie machines during all or most of their shifts.

57.     Despite the fact that these carvers are or were dedicated kitchen workers, they are still paid pursuant to the tip credit, i.e. less than minimum wage, plus tips.

58.     Dedicated kitchen workers should not be included in a tip pool with servers who are paid pursuant to the tip credit.

59.     Defendants also include(d) a Customer Service Representative in the tip pool at one or more of their restaurant locations.

60.     Defendants pay or paid the Customer Service Representative more than full minimum wage.

61.     Defendants pay or paid the Customer Service Representative more than $12 per hour.

62.     The Customer Service Representative does not regularly receive tips from customers.

63.     The Customer Service Representative observes the service provided by servers/carvers.

64.     The Customer Service Representative inspects and confirms that the servers/carvers are dressed adequately.

65.     The Customer Service Representative is responsible for advising servers/carvers when their shift is over.

66.     The Customer Service Representative is responsible for reprimanding servers/carvers.

67.     The Customer Service Representative has the authority to "comp." customers' bills.

68.     The Customer Service Representative wears a different uniform than the typical server/carver.

69.     The Customer Service Representative's uniform is similar to a manager's uniform.

70.     The Customer Service Representative is considered management.

71.     The Customer Service Representative's hourly wage is more than four (4) times the hourly wage for servers and carvers.

72.     Clearly, Customer Service Representative(s) should not be included in the tip pool.

73.     For these reasons, Defendants violate(d) the terms of the tip credit and the FLSA's and PMWA's provisions on minimum wages.

74.     As a result of these common policies, Plaintiff and each similarly situated server/bartender/carver is entitled to receive repayment for the tip credit for each hours worked, improperly deducted from their wages.

75.     The additional persons who may become plaintiffs in this action are employees who held or hold positions similarly situated to Plaintiff and who suffer(ed) from the same pay practice of being improperly denied the legally required tipped minimum wage.

76.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendants.

**Collective Factual Allegations**

77.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if set forth fully herein.

78.     Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA and PMWA.

79.     Plaintiff and the FLSA Collective members are or were treated equally by Defendants.

80.     Defendants subject(ed) Plaintiff and the FLSA Collective members to the same illegal practice and policy by forcing them to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

81.     Defendants have employed approximately two thousand (2,000) or more FLSA Collective members who were paid pursuant to a tip credit within the relevant limitations period.

82.     Defendants pay or paid FLSA Collective members in the same manner.

83.     Defendants pay or paid FLSA Collective members a reduced tipped minimum wage rate, plus tips.

84.     Defendants require(d) their servers/bartenders/carvers to participate in a tip pool.

85.     Defendants' servers/bartenders/carvers are or were required to be paid minimum wages under federal law.

86.     Plaintiff and all FLSA Collective members are or were not guaranteed at least the full minimum wage for all hours worked.

87.     Plaintiff and all FLSA Collective members are or were improperly paid the tipped minimum wage per hour.

88.     During the relevant period, Defendants violated the FLSA and PMWA by improperly taking the tip credit.

89.     Defendants are and were aware that the FLSA Collective members worked under these conditions.  Despite that knowledge, Defendants denied them proper compensation.

90.     Defendants have acted willfully and in bad faith in failing to pay Plaintiffs and the FLSA Collective members in accordance with the law.

91.     Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

92.     Defendants' conduct has caused significant damages to Plaintiff and the FLSA Collective.  Defendants are and were aware that their pay practices violated the FLSA and PMWA.

93.     Defendants are and were aware of the FLSA's and PMWA's requirements.

94.     Defendants are liable under the FLSA and PMWA for failing to properly compensate Plaintiff and the FLSA Collective.

95.     Notice of this action should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA and PMWA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

96.     Plaintiff has hired the undersigned law firm(s) to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if he prevails.

## COUNT I
## VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION AT 29 U.S.C §206

<u>***ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE***</u>

97.     Plaintiff, individually and on behalf of the FLSA Collective, reincorporates and readopts all allegations contained within Paragraphs 1 through 96, above, as though fully set forth herein.

98.     Defendants are "enterprises" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA.  29 U.S.C. § 203(b), 29 U.S.C. § 203(s)(1).

99.     Plaintiff and the FLSA Collective are/were non-exempt covered employees.   29 U.S.C. § 203(e)(1).

100.    Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective proper minimum wages for time worked violates the FLSA.  29 U.S.C. § 206.

101.    Plaintiff and those similarly situated servers and bartenders and carvers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants.

102.    During their employment with Defendants, Plaintiff and those similarly situated servers and bartenders and carvers are/were forced to participate in an illegal tip pool in violation of the FLSA's tip-credit provision.

103.    Defendants willfully fail(ed) to pay Plaintiff and those similarly situated servers and bartenders and carvers the full minimum wage for one or more weeks of work, contrary to the FLSA's minimum wage provisions.

104.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated servers and bartenders and carvers have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

105.     Additionally, Plaintiff and all those similarly situated are entitled to an amount equal to all of their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

106.     The foregoing conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## Relief Sought

Wherefore, Plaintiff requests entry of an Order awarding:

a.     payment to him and all FLSA Collective members of minimum wages for all hours worked at the correct rate pursuant to the FLSA;

b.     an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

c.     reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff and the FLSA Collective members in prosecuting this case pursuant to the FLSA;

d.     conditional certification of a collective action in this case; and

e.     any other relief that Plaintiff and the FLSA Collective members may be due or entitled to.

<u>COUNT II</u>
<u>VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT ("PMWA"), 43 PA.
STAT. ANN. §333.104</u>

107.    Plaintiff, individually and on behalf of the FLSA Collective, reincorporates and readopts all allegations contained within Paragraphs 1 through 96, above, as though fully set forth herein.

108.    Plaintiff, individually, and on behalf of the FLSA Collective, brings his claim under the PMWA as a Rule 23 class action.

109.    Plaintiff and the FLSA Collective are/were non-exempt covered employees.

110.    The conduct alleged violates the PMWA.

111.    At all relevant times, Defendants were subject to the requirements of the PMWA.

112.    At all relevant times, Defendants employed Plaintiff and those similarly situated as "employees"

113.    Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective proper minimum wages for time worked violates the PMWA.

114.    Plaintiff and those similarly situated servers and bartenders and carvers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants.

115.    During their employment with Defendants, Plaintiff and those similarly situated servers and bartenders and carvers are/were forced to participate in an illegal tip pool in violation of the PMWA's tip-credit provision.

116.    Defendants willfully fail(ed) to pay Plaintiff and those similarly situated servers and bartenders and carvers the full minimum wage for one or more weeks of work, contrary to the PMWA's minimum wage provisions.

117.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated servers and bartenders and carvers have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

118.    Additionally, Plaintiff and all those similarly situated are entitled to an amount equal to all of their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

119.    The foregoing conduct, as alleged, constitutes willful violation of the PMWA.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **Relief Sought**

Wherefore, Plaintiff requests entry of an Order awarding:

a.    payment to him and all FLSA Collective members of minimum wages for all hours worked at the correct rate pursuant to the PMWA;

b.    an equal amount of liquidated damages pursuant to the PMWA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

c.    reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff and the FLSA Collective members in prosecuting this case pursuant to the PMWA;

d.    conditional certification of a collective action in this case; and

e.    any other relief that Plaintiff and the FLSA Collective members may be due or entitled to.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 8th day of September, 2020.

By:      **Joshua P. Geist, Esq.**
Goodrich & Geist, P.C.
3634 California Ave
Pittsburgh, PA 15212
Telephone: (412) 766-1455
Facsimile: (412) 766-0300
Email: josh@goodrichandgeist.com

**/s/Joshua P. Geist**
Joshua P. Geist, Esq.
P.a.I.D. #85745

AND

**Carlos V. Leach, Esq.**
The Leach Firm, P.A.
631 S. Orlando Ave, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com

**/s/ Carlos V. Leach**
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
(pro hac vice forthcoming)

AND

**Richard Celler, Esq.**
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: richard@floridaovertimelawyer.com

**/s/ Richard Celler**
Richard Celler, Esq.
Florida Bar No. 0173370
(pro hac vice forthcoming)