IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN GARCIA-ALVAREZ, | ) |
| Plaintiff, | ) 2:20-CV-01345-CCW |
| v. | ) |
| FOGO DE CHAO CHURRASCARIA (PITTSBURGH) LLC., *et al.*, | ) |
| Defendants, | ) |

**OPINION AND ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

Before the Court is Defendants' Motion to Change Venue. ECF No. 24. In their Motion, which Plaintiff does not oppose, Defendants argue that transfer of this action to the Eastern District of Texas, Sherman Division, is proper under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) "because this case might have been brought in that district, for the convenience of the parties and witnesses, and in the interests of justice." *Id.* at ¶ 4.[1] For the reasons that follow, this case will be transferred to the Eastern District of Texas, Sherman Division.

**I.    Background**

Plaintiff, a Florida resident, was formerly employed as a "carver and server" at Fogo de Chao Churrascaria restaurants located in Georgia, Pennsylvania, and Florida. ECF No. 13 at ¶ 9. On behalf of himself and other similarly situated current and former employees of Fogo De Chao restaurants, Plaintiff alleges in this wage-and-hour lawsuit that Defendants utilized unlawful tip-

---

[1] Although Defendants frame their Motion as falling under Federal Rule of Civil Procedure 12(b)(3), they do not present any argument seeking outright dismissal of this case. ECF No. 24. As such, the Court will treat Defendant's Motion solely as a request for transfer under § 1404(a).

pooling practices at their restaurants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333, *et seq. Id.* at ¶¶ 10–11, 97–119.

According to the Amended Complaint, although each of the "approximately fifty (50) Fogo de Chao steakhouse restaurants" was "opened…under a differently named corporate/business entity," all Fogo de Chao restaurants were "operated the same way, and each utilized the same pay practices and procedures." *Id.* at ¶¶ 13–14, 42. Plaintiff alleges, and Defendants do not dispute, that Defendants' corporate headquarters is located in Plano, Texas. *See id.* at ¶¶ 19, 25; ECF No. 25 at 4 ("Defendants are headquartered in Plano, Texas, as the named Plaintiff alleges."). Furthermore, Plaintiff claims that "significant policies, memoranda, and management directives" (including labor and compensation policies and practices) were/are "formulated from the corporate office" and that "[e]ach Fogo de Chao location shares a common centralized control of labor relations located" in Defendants' corporate headquarters. ECF No. 13 at ¶¶ 19, 20, 25.

Defendants contend, therefore, that transfer to the Eastern District of Texas under § 1404(a) would be proper for a variety of reasons, among them that "the underlying claims center on alleged policies and practices originating out of Defendants' headquarters in Plano, Texas," "the majority of the operative facts alleged in the Complaint have minimal connection to the Western District of Pennsylvania," and transfer to the Eastern District of Texas will "likely" make litigating this case "more convenient for all parties." ECF No. 25 at 6–7. Plaintiff does not oppose the requested transfer. *Id.* at ¶ 6.

## II.  Discussion

### A.  Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." The party seeking transfer under § 1404(a) bears the burden of persuasion. *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995)).

Courts in this Circuit apply a non-exhaustive list of factors to guide a decision on whether transfer under § 1404(a) is appropriate. *Jumara,* 55 F.3d at 879. Those factors are subdivided into six public and six private factors. *Id.*; *see also*, 17 Moore's Federal Practice – Civil § 111.13 (2020). "Courts consider these factors to determine, on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *In re McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara*, 55 F.3d at 879).

The factors regarding private interests are: (1) the plaintiff's original forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) the location of books and records. *Jumara*, 55 F.3d at 879. The six factors that relate to public interests are: (1) enforceability of the judgment; (2) the "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) court congestion in the competing fora; (4) local interest in deciding a controversy at home; (5) the fora's public policies; and (6) the trial judge's familiarity with applicable state laws in diversity cases. *Id.*; *see e.g., InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, 2012 U.S. Dist. LEXIS 44721 (E.D. Pa. Mar. 30, 2012).

### B. Application

First, the Court notes that the Eastern District of Texas is a venue where this case could have been filed. As relevant here, a civil action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred" or in a district "in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(2)–(3). The Amended Complaint and Defendants' Motion both aver that Defendants' corporate

headquarters is located in Plano, Texas. *See* ECF No. 13 at ¶ 19; ECF No. 25 at 4. Furthermore, according to the Amended Complaint, although the alleged violations of the FLSA occurred at Defendants' restaurants in many different states, the allegedly unlawful labor and wage policies and practices were developed and promulgated to the individual restaurants from the corporate headquarters in Texas. *See* ECF No. 13 at ¶¶ 14–25. Venue would therefore be proper in the Eastern District of Texas because Defendants are headquartered there and that is where Plaintiff alleges that a substantial part of the acts giving rise to this case occurred.

Next, *Jumara*'s private interest factors weigh in favor of transfer. Although Plaintiff's original preference to litigate this matter in the Western District of Pennsylvania would normally weigh in favor of denying transfer, "where the plaintiff chooses a forum which is not his home, his choice should be given considerably less weight." *Siegel v. Homestore, Inc.*, 255 F.Supp.2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Further weighing against giving deference to Plaintiff's original choice of forum is the fact that Plaintiff does not oppose Defendants' request to transfer this case to the Eastern District of Texas. ECF No. 25 at 3 ("Plaintiff's counsel advised they do not oppose the requested venue transfer.").

The other private interest factors all weigh in favor of transfer or are neutral. Defendants clearly would prefer to litigate this case in Texas. The policies and practices giving rise to the alleged violations were purportedly developed in and implemented at the direction of Defendants' corporate headquarters. The geographic dispersal of the parties—with Plaintiff residing in Florida, putative class members presumably residing in many different states, and Defendants' restaurants, although scattered across the country, headquartered in Plano—makes the Eastern District of Texas, on balance, a more convenient forum for the parties and witnesses. The location of books and records is, with modern computer technology, of little weight one way or the other. *See, e.g.,*

*Edwards v. Equifax Info. Servs. LCC*, 313 F.Supp.3d 618, 623 (E.D. Pa. 2018) ("The location of computer servers such databases simply lacks real world significance, because document production does not involve physical search and retrieval, but electronic download.").

The public factors also weigh in favor of transfer or are neutral. Weighing in favor of transfer are practical considerations—such as reduced travel costs for Defendants' witnesses and counsel—especially as there is no indication that the Eastern District of Texas would be less convenient for Plaintiff, who resides in Florida, than the Western District of Pennsylvania. Also weighing in favor of transfer, the nationwide scope of Plaintiff's claims indicates that the forum with the greatest local interest is the Eastern District of Texas (where Defendants are headquartered). The remaining public interest factors are neutral: any judgment could be enforced regardless of which venue the case proceeds in; the difference in congestion of the transferee and transferor courts is not significant;[2] and, to the extent the PMWA applies, a judge in the Eastern District of Texas is capable of deciding the issues, especially since Pennsylvania courts have instructed that interpretation of the PMWA is to be guided by the FLSA where the state law substantially parallels the federal law. *See Livi v. Hyatt Hotels Corp.*, 751 Fed. Appx. 208, 211 (3d Cir. 2018) ("Pennsylvania courts look to federal courts' interpretation of the parallel FLSA provision for guidance.") (citing *Commonwealth Dep't of Labor & Indus. V. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003)).

Accordingly, because (1) this case could have been brought in the Eastern District of Texas, (2) Plaintiff does not oppose the transfer, and (3) the *Jumara* public and private interest factors on balance weigh in favor of transfer, Defendants' Motion to Change Venue will be granted.

---

[2] Although the Western District of Pennsylvania has a shorter filing to disposition time than the Eastern District of Texas (5.6 months compared to 8.9 months), that difference is not great, while, on the other hand, the Texas court has a shorter filing to trial time. *See Federal Court Management Statistics—Profiles*, UNITED STATES COURTS, (September 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Change Venue is hereby GRANTED, and the case is hereby TRANSFERRED pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Texas, Sherman Division.

DATED this 4th day of February, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record